UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-54552-BEM |
| | : | |
| DAVID ESCOBEDO HIDALGO, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

### TRUSTEE'S APPLICATION FOR APPOINTMENT OF ATTORNEYS

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of David Escobedo Hidalgo ("**Debtor**"), and files *Trustee's Application for Appointment of Attorneys* (the "**Application**"). In support of the Application, Trustee respectfully shows the Court the following:

### Introduction

Trustee requests authority to employ counsel to provide legal services to him regarding: the extent and nature of the Bankruptcy Estate's interest in a certain Property (defined below); prosecuting contested matters or adversary proceedings as needed to avoid a purported pre-petition transfer by Debtor to Caliber Home Loans, Inc. of a security interest in that same Property, recovery of the same, and preservation of the avoided transfer for the benefit of the Bankruptcy Estate; prosecuting contested matters or adversary proceedings to cause Debtor to comply with his statutory duties to cooperate with Trustee in the performance of Trustee's duties; legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including a potential sale and transfer of the interest in the Property in accordance with applicable principles of Georgia law and the Bankruptcy Code; and analysis of

16911943v1

legal issues regarding claims and prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

## Jurisdiction and Venue

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Background Facts and Relief Requested

*a. General Facts and Available Assets*

2.

Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on June 15, 2021 (the "**Petition Date**").

3.

Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

4.

Prior to the Petition Date, Debtor was the sole owner of record of a certain real property with a common address of 114 Truman Court, Jackson, Georgia 30233 (the "**Property**"). [Doc. No. 1 at page 15 of 62].

5.

Upon Debtor's filing his voluntary bankruptcy petition under Chapter 7, the Bankruptcy Estate was formed, and it includes all of Debtor's legal or equitable interests in property as of the

16911943v1

commencement of the Bankruptcy Case, including the Property. *See* 11 U.S.C. § 541(a)(1).

6.

On his *Schedule D: Creditors Who Have Claims Secured by Property*, Debtor scheduled a purported secured claim of Freedom Mortgage Corporation in the Property in the amount of $114,477.00. [Doc. No. 1 at page 22 of 62].

7.

Upon information and belief, this scheduled secured claim of Freedom Mortgage Corporation relates to a transfer of a security interest that Debtor made to Caliber Home Loans, Inc. through a Security Deed dated November 4, 2016 (the "**Security Deed**"). The Security Deed is not attested in accordance with the requirements of O.C.G.A. § 44-14-61.

8.

As a result, Trustee asserts that he is able to avoid any transfer arising out of the Security Deed, recover the interest in the Property transferred, and preserve the avoided transfer for the benefit of the Bankruptcy Estate, under various provisions of Chapter 5 of the Bankruptcy Code.

### b. Employment of Counsel

9.

To administer this Case in a proper, efficient, and economical manner, Trustee requires the services of legal counsel, and he wishes to employ the firm Arnall Golden Gregory LLP ("**AGG**") to act as his attorneys in this case. Indeed, because Trustee is not an attorney, it is imperative that Trustee employ counsel to assist him with the numerous legal tasks that will arise in this matter. *See* 11 U.S.C. § 327(a) (stating that trustees may employ attorneys "to represent or assist the trustee in carrying out the trustee's duties . . . ." and providing no other basis to employ attorneys); *In re Abraham*, 163 B.R. 772, 783 (Bankr. W.D. Tex. 1994) (stating "trustees

16911943v1

are not attorneys (not even when it is an attorney functioning as the trustee).").

10.

The members and associates of AGG are admitted to practice in this Court, have knowledge and experience in bankruptcy practice, and are well qualified to represent Trustee in this matter. Attached as Exhibit "A" is the Rule 2014 Verification of AGG.

11.

The current hourly billing rates of attorneys (as reduced) and paralegals who may render services in the Case follow:

| | | |
|---|---|---|
| 1. | Neil C. Gordon | $575.00 |
| 2. | Michael J. Bargar | $492.50[1] |
| 3. | William D. Matthews | $445.00 |
| 4. | Angela G. Ford | $225.00 |
| 5. | Pamela E. Bicknell | $225.00 |
| 6. | Carol A. Stewart | $170.00 |

Depending on need for particular experience or the exigencies of the Case, other attorneys may also provide services. The above rates may be increased during the term of the proposed employment or if so awarded by the Court. *See, e.g., Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates.").

12.

Specifically, Trustee requests authority to employ counsel to provide legal services to him regarding: the extent and nature of the Bankruptcy Estate's interest in the Property; prosecuting contested matters or adversary proceedings as needed to avoid a purported pre-

---

[1] In the exercise of its billing judgment, AGG has voluntarily reduced Michael J. Bargar's 2021 rate from $565.00 to $492.50 per hour. Depending on the complexity of the legal issues that arise in this matter, it reserves the right to charge his actual rate.

16911943v1

petition transfer by Debtor to Caliber Home Loans, Inc. of a security interest in the Property, recovery of the same, and preservation of the avoided transfer for the benefit of the Bankruptcy Estate; prosecuting contested matters or adversary proceedings to cause Debtor to comply with his statutory duties to cooperate with Trustee in the performance of Trustee's duties; legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including a potential sale and transfer of the interest in the Property in accordance with applicable principles of Georgia law and the Bankruptcy Code; and analysis of legal issues regarding claims and prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

13.

The professional services, for which it is necessary that an attorney act, may also include:

(a) Preparation of pleadings and motions and conducting of examinations incidental to the administration of the Bankruptcy Estate;

(b) Legal services incidental to preservation and disposition of assets;

(c) Investigation, analysis, and appropriate legal action, if required, relative to any preference, fraudulent transfer, unperfected security interest, improper disposal of assets, prosecution of the Bankruptcy Estate's claims, or pending litigation;

(d) Any and all other necessary legal actions incident to the proper preservation and administration of the Bankruptcy Estate.

14.

Based on all of the above, it is Trustee's business judgment that he should employ AGG to assist him in this matter. *See e.g., McConnell*, 2021 WL 203331, at * 15 (Bankr. N.D. Ga. January 4, 2021) (Bonapfel, J.) (stating "trustees exercise discretion in the administration of

16911943v1

estates, and bankruptcy courts properly defer to their business judgment in determining how to perform their duties."). The issue in this regard is whether a trustee "acts with requisite care, disinterestedness, and good faith in the effort to maximize value—rather than whether this or any other court would necessarily make the same business decision, on the one hand, or seek to maximize value in a different way, on the other." *In re Global Crossing, Ltd.*, 295 B.R. 726, 744 at FN 58, (Bankr. S.D.N.Y. 2003). In addition to the necessary legal tasks that will arise in this matter (as discussed in detail above), there are other very good business reasons that justify Trustee's employing counsel, including the fact that AGG carries E&O coverage that will insulate the Bankruptcy Estate against claims for damage in the event something unfortunately goes awry in this matter

15.

To the best of Trustee's knowledge, said firm's acting as attorneys in this case will be in the best interest of the Bankruptcy Estate, Debtor, creditors, and all other parties in interest. To the best of Applicant's knowledge, and except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verification of Michael J. Bargar, the firm has no connection with Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Said firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14). Disclosure is made, however, that Neil C. Gordon, a partner of the firm, and Michael J. Bargar, a partner of the firm, have been appointed by the United States Trustee for Region 21 to act as panel trustees in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division. As a result, employees of AGG regularly communicate

16911943v1

with employees of the Office of the United States Trustee. Disclosure is also made that AGG represents Trustee in other unrelated matters as special or general counsel.

16.

To expedite the marshalling and protecting of the Bankruptcy Estate's assets, AGG has already performed certain legal services for the Bankruptcy Estate or plans to perform such services, which may be rendered prior to the signing of any order resulting from this Application.

17.

Trustee proposes that AGG be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law. No compensation will be paid by Trustee to said law firm except upon application to and approval by the Court after notice and hearing as required by law.

WHEREFORE, Trustee prays that Trustee be authorized to employ AGG as his attorney in this Case and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this 2 day of August, 2021.

_____
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305
(404) 926-0060

*Proposed Attorneys for Trustee*:

ARNALL GOLDEN GREGORY LLP

By: _____
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

16911943v1

with employees of the Office of the United States Trustee. Disclosure is also made that AGG represents Trustee in other unrelated matters as special or general counsel.

16.

To expedite the marshalling and protecting of the Bankruptcy Estate's assets, AGG has already performed certain legal services for the Bankruptcy Estate or plans to perform such services, which may be rendered prior to the signing of any order resulting from this Application.

17.

Trustee proposes that AGG be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law. No compensation will be paid by Trustee to said law firm except upon application to and approval by the Court after notice and hearing as required by law.

WHEREFORE, Trustee prays that Trustee be authorized to employ AGG as his attorney in this Case and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this 5th day of August, 2021.

                                              S. Gregory Hays
                                              Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305
(404) 926-0060

                                              *Proposed Attorneys for Trustee*:

                                              ARNALL GOLDEN GREGORY LLP

                                              By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100            Michael J. Bargar
Atlanta, GA 30363                                  Georgia Bar No. 645709
(404) 873-8500                                          michael.bargar@agg.com

16911943v1

# EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am a partner with the law firm of Arnall Golden Gregory LLP, with offices at 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363 (the "**Firm**").

2. S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of David Escobedo Hidalgo ("**Debtor**"), has asked the Firm to represent him as Trustee in this case

3. To the best of my knowledge, the Firm has no connection with the Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below. The Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged.  The Firm is a disinterested person as that term is defined in 11 U.S.C. § 101(14).  Disclosure is made that the Firm represents S. Gregory Hays (in his capacity as a bankruptcy trustee) as special or general counsel in unrelated matters.  Disclosure is also made that Neil C. Gordon, a partner of the Firm, and I, Michael J. Bargar, have been appointed by the United States Trustee for Region 21 to act as panel trustees in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division. As a result, employees of the Firm regularly communicate with employees of the Office of the United States Trustee

4. The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 5th day of August, 2021.

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

16911943v1

# CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Trustee's Application for Appointment of Attorneys* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

A. Christopher Nogales
Nogales & Associates, LLC
Bldg 3, Suite D
1805 Herrington Rd.
Lawrenceville, GA 30043

David Escobedo Hidalgo
915 Ashley Parkway
Lawrenceville, GA 30043

This 5th day of August, 2021.

/*s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

16911943v1