

**IT IS ORDERED as set forth below:**

**Date: October 18, 2022**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DAVID ESCOBEDO HIDALGO, | ) | CASE NO. 21-54552-BEM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee for the Bankruptcy Estate of David Escobedo Hidalgo, | ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| FREEDOM MORTGAGE CORPORATION, CALIBER HOME LOANS, INC., JACKSON GLENN HOMEOWNERS ASSOCIATION, INC., BUTTS COUNTY TAX COMMISSIONER, and DAVID ESCOBEDO HIDALGO, | ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO
(A) SELL PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF ALL
LIENS, INTERESTS, AND ENCUMBRANCES AND (B) DISBURSE CERTAIN
PROCEEDS AT CLOSING**

On September 13, 2022, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of David Escobedo Hidalgo ("**Debtor**"), filed *Trustee's Motion for Authority to (A) Sell of Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances and (B) Disbursement of Certain Proceeds at Closing* [Doc. No. 28] (the "**Sale Motion**"), pursuant to 11 U.S.C. §§ 363(b), (f), and (m), and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c), and 9014.  In the Sale Motion, Trustee sought, among other things, an order from the Court authorizing the sale (the "**Sale**") of that certain real property commonly known as 114 Truman Court, Jackson, Georgia 30233-5044 (the "**Property**") to Jeremy Davis (the "**Purchaser**"), "as is, where is," for the sale price of $262,500.00 (the "**Purchase Price**") with a seller contribution of $6,500.00, in accordance with the terms of a *Purchase and Sale Agreement* (the "**Contract**"), as amended, attached to the Sale Motion as Exhibit "A."

On September 14, 2022, Trustee filed a *Notice of Trustee's Motion for Authority to (A) Sell of Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances and (B) Disbursement of Certain Proceeds at Closing; Deadline to Object; and for Hearing* [Doc. No. 29] (the "**Notice**") regarding the Sale Motion, in accordance with the Second Amended and Restated General Order No. 24-2018.  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on September 14, 2022.  [Doc. No. 30].

On September 27, 2022, Trustee filed a *Supplement to Trustee's Motion for Authority to (A) Sell of Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances and (B) Disbursement of Certain Proceeds at Closing* [Doc. No. 31] (the "**Supplement**"), in which Trustee showed that he and the Purchaser agreed to increase the

Purchase Price to $268,000.00 and to increase the Trustee's contribution to $12,000.00. Trustee also showed that (a) the real estate agents agreed to waive any additional real estate commission that would result from the increased Purchase Price, and (b) as a result, the amendment to the Contract would not affect the net Sale proceeds that would come into the Bankruptcy Estate. [Doc. No. 31]. Trustee attached the second amendment to the Contract as Exhibit "A" to the Supplement. *Id.*

The Notice provided notice of the opportunity to object and for hearing scheduled for October 25, 2022 at 10:00 a.m., pursuant to the procedures in the Second Amended and Restated General Order No. 24-2018. No creditor or party in interest filed an objection to the Sale Motion, as supplemented, prior to the objection deadline provided in the Notice.

The Court having considered the Sale Motion, the Supplement, and all other matters of record, including the lack of objection by any creditor or party in interest to the relief requested in the Sale Motion, and based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found good cause exists to grant the relief requested in the Sale Motion, it is hereby

**ORDERED** that the Sale Motion, as supplemented, is **GRANTED**. It is further

**ORDERED** that the Contract, as amended, is **APPROVED** and its terms are incorporated into this Order. It is further

**ORDERED** that Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale of the Property to Purchaser and perform under the terms of the Contract; (b) execute, perform, consummate, implement, and close fully the Sale together with all additional instruments and documents that may be reasonably necessary; and (c) execute and perform all of the obligations of Trustee under the Contract. It is further

**ORDERED** that this Order shall be binding upon all creditors (whether known or unknown) of Debtor, Purchaser, Trustee, the Bankruptcy Estate, and their respective successors, assigns, affiliates, and subsidiaries.  It is further

**ORDERED** that upon consummation of the closing of the Sale, the Property shall be transferred and assigned to Purchaser free and clear of all liens, claims, interests, and encumbrances with all unpaid, valid, and enforceable liens, claims, interests, or encumbrances attaching to the sale proceeds with the same extent, validity, and priority that they held in the Property.  It is further

**ORDERED** that the Sale of the Property to the Purchaser is "as is," "where is," and without representation or warranty, express or implied, from Trustee.  It is further

**ORDERED** that the transactions contemplated by the Contract, as amended, and this Order are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith of the Property and is entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code.  It is further

**ORDERED** that, under Fed. R. Bankr. P. 6004(h), this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, Trustee and Purchaser are free to close the Sale of the Property at any time, at which time the gross Sale proceeds shall be paid to Trustee pursuant to this Order, and those disbursements requested by the Trustee in his Sale Motion are authorized to be made.  It is further

**ORDERED** that this Court retains exclusive jurisdiction over any action relating to, based upon, or arising from disputes or controversies relating to or concerning the Sale, the Contract, or this Order.

**[END OF DOCUMENT]**

Order prepared and presented by:

ROUNTREE LEITMAN KLEIN & GEER LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
   Michael J. Bargar
   Georgia Bar No. 645709
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329
Phone: 404-410-1220
mbargar@rlkglaw.com

**Identification of parties to be served:**

Office of the United States Trustee, 362 Richard B. Russell Bldg., 75 Ted Turner Drive, SW, Atlanta, Georgia 30303

Caliber Home Loans, Inc., c/o J. Kelsey Grodzicki, Winter Capriola Zenner, LLC, One Ameris Center, Suite 800, 3490 Piedmont Road, NE, Atlanta, GA 30305

Tania R. Tuttle, McLain & Merritt, PC, 11625 Rainwater Drive, Ste. 125, Alpharetta, GA 30009

Sanjiv Das, CEO, Caliber Home Loans, Inc., 1525 South Belt Line Road, Coppell, TX 75019

Caliber Home Loans, Inc., c/o C T Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805

Stanley C. Middleman, CEO, Freedom Mortgage Corporation, 907 Pleasant Valley Avenue, Suite 3, Mount Laurel, NJ 08054

Stanley C. Middleman, CEO, Freedom Mortgage Corporation, 951 Yamato Road, Suite 175, Boca Raton, FL 33431

Freedom Mortgage Corporation, c/o C T Corporation System, 289 South Culver Street, Lawrenceville, GA 30046-4805

Nancy Washington, Tax Commissioner, Butts County Georgia, 625 West 3rd Street, Jackson, GA 30233

Jeremy Davis, CEO, Jackson Glenn Homeowner's Association, Inc., 2180 West SR 434, Ste., 5000, Longwood, FL 32779

Jackson Glenn Homeowner's Association, Inc., c/o Sentry Management, Inc., 303 Corporate Center Dr., Ste. 300A, Stockbridge, GA 30281

Christopher Nogales, Nogales & Associates, LLC, Bldg 3, Suite D, 1805 Herrington Lane, Lawrenceville, GA 30043

David Escobedo Hidalgo, 915 Ashley Parkway, Lawrenceville, GA 30043

Michael Campbell, Attention: Denise Hammock, Campbell & Brannon, LLC, 5565 Glenridge, Connector, Suite 350, Atlanta, GA 30342

Steven J. Flynn, Locke Lord LLP, Suite 1200, 3333 Piedmont Road NE, Atlanta, GA 30305

Keith S. Anderson, Bradley Arant Boult Cummings LLP, One Federal Place, 1819 Fifth Avenue North, Birmingham, AL 35203-2119

Ceci Johnson, Century 21 Crown Realty, 4080 Highway 42, Locust Grove, GA 30248

Michael J. Bargar, Rountree Leitman Klein & Geer, LLC, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329